IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE NATIVIDAD ZAVALA, ) | | |
| ID # 42947-177, ) | | |
| Movant, ) | No. 3:16-CV-2736-L (BH) | |
| vs. ) | No. 3:13-CR-0173-L (4) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on September 26, 2016, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Jorge Natividad Zavala ("Movant"), a federal prisoner, challenges his federal conviction and sentence in Cause No. 3:13-CR-173-L. The respondent is the United States of America (Government).

Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. (*See* doc. 164.)[1] On January 30, 2014, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2013 United States Sentencing Guidelines Manual (USSG). (*See* doc. 117-1 at 7, ¶ 33.) There was no adjustment for Movant's role in the offense. (*See id*. ¶ 37.) The Court sentenced him to 144 months' imprisonment. (*See id.*) He did not appeal.

Movant now seeks a reduction in his sentence under Amendment 794 to the United States

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-173-L.

Sentencing Guidelines (USSG). (*See* 3:16-CV-2736-L, docs. 2 at 4; 3 at 2.) He also alleges that the Court did not address his participation in the offense in a minor role consistent with USSG § 3B1.2. (*See id.*, doc. 6 at 2.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. SENTENCING GUIDELINE

Movant contends that the Court did not address his minor role in the offense under USSG

§ 3B1.2, and he should receive a reduction in his sentence under Amendment 794 of the USSG.

Section 3B1.2 provides for a decrease in the offense level if the defendant was a minor participant in the criminal activity. *See United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). Amendment 794 made revisions to the commentary of § 3B1.2, but it did not make substantive changes to that section. *See id.*; *United States v. Sanzhez-Villareal*, 857 F.3d 714, 719-21 (5th Cir. 2017).

"[A] claim that the sentence imposed is contrary to a post-sentencing clarifying [USSG] amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998); *see also United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (concluding that a post-conviction claim for a sentence reduction under an amendment to the USSG is "not of constitutional dimension," and thus not cognizable in a § 2255 proceeding). More specifically, a claim for a sentence reduction under Amendment 794—a post-sentencing clarifying amendment to the USSG—is not cognizable in a § 2255 proceeding. *See, e.g.*, *United States v. Guerrero*, 691 F. App'x 179, 179 (5th Cir. 2017) (concluding that the movant's claim that the district court should have retroactively applied Amendment 794 was not cognizable in a § 2255 proceeding). Accordingly, Movant's claim regarding the application of USSG § 3B1.2 is not cognizable under § 2255 and presents no claim for relief. *See id.*; *see also United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

### IV.  MOTION UNDER 18 U.S.C. § 3582(c)(2)

Because Movant claims that he is entitled to a reduction of his sentence under Amendment 794, his § 2255 motion could be construed as arising under 18 U.S.C. § 3582(c)(2).  *See, e.g.*, *Guerrero*, 691 F. App'x at 179 ("In light of the relief [Movant] sought and the unavailability of relief under § 2255, the court did not err in construing the motion as a § 3582(c)(2) motion.").

An amendment to the sentencing guidelines can be the basis of a § 3582(c)(2) motion only if it is a retroactive amendment listed in USSG § 1B1.10.  *United States v. Galvez*, 321 F. App'x 405 (5th Cir. 2009) (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)).  Because Amendment 794 is not listed in § 1B1.10, it cannot be applied retroactively in response to a § 3582(c)(2) motion.  *See United States v. Guerrero*, 691 F. App'x 179 (5th Cir. 2017) (Amendment 794 is not a basis for a § 3582(c)(2) reduction of sentence, because it is not listed in § 1B1.10).  Even if Movant's claims were considered under § 3582, he would still not be entitled to relief.

### V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.  To the extent that the motion may be liberally construed as arising under 18 U.S.C. § 3582(c)(2), it should be **DENIED**.

**SIGNED** this 23rd day of July, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE